# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| NAVAL LAWRENCE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 19-cv-02663 (CJN) |
| | ) | |
| W.L. WOODS, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

This matter is before the Court on Petitioner Naval Lawrence's *pro se* petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  Pet's. Mem., ECF No. 1, ECF No. 1-1, exhibits in support ("Pet's. Exs."), ECF No. 1-2, and supplement, ECF No. 3.  Lawrence argues that his trial counsel, appellate counsel, and counsel for collateral review proceedings were each unconstitutionally ineffective.  For the reasons discussed below, the Petition will be denied, and this action will be dismissed.

## Background

On October 17, 2001, Lawrence was charged in the Superior Court of the District of Columbia ("Superior Court" or "trial court") with one count of assault with the intent to kill while armed, one count of aggravated assault while armed, one count of mayhem while armed, one count of possession of a firearm during a crime of violence, one count of carrying a pistol without a license, one count of unlawful possession of an unregistered firearm, and one count of unlawful possession of ammunition.  *See United States v. Lawrence*, No. 2001 FEL 006544 (D.C. Super. Ct. 2001) at Indictment.  A jury trial, held before Judge Wendell Gardner, concluded on June 5, 2002, and Lawrence was found guilty on all counts.  *See id.* at Trial Entries and Guilty-Jury Trial.

1

Mr. James Rudasill, Esq., represented Lawrence at trial.  *See id*. at Trial Entries.  After Lawrence's conviction but before sentencing, Mr. Rudasill withdrew his appearance, and Lawrence retained Mr. Paul Hunt, Esq., who entered his appearance on February 6, 2003, *id.* at Attorney Retained, and represented him at sentencing, *see id*. at Sentencing Entries.  On August 4, 2003, Lawrence was sentenced by Judge Eugene E. Hamilton to 35 years in prison.  *See id.* at Sentencing Entries and Judgment and Commitment Order.

Lawrence filed a timely notice of appeal on August 29, 2003.  *See Lawrence v. United States*, No. 03-CF-1029 (D.C. 2003) at Notice of Appeal.  During the pendency of the direct appeal, on October 13, 2004, Lawrence also filed a first D.C. Code § 23-110 motion.  *See Lawrence*, No. 2001 FEL 006544 at Post-Trial Motion Entries; Pet's. Exs. at 41–50.[1]  Hunt continued to represent Lawrence during the first collateral review and the direct appeal.  *See id*.

In the first § 23-110 motion, Lawrence raised ineffective assistance of trial counsel claims, alleging that Mr. Rudasill undermined his ability to present a defense of misidentification, and further strongarmed him into testifying, thereby unfairly forcing him to waive his Fifth Amendment privilege against self-incrimination.  *See* Pet's. Exs. at 4.  The Superior Court denied the motion without a hearing on March 24, 2006.  *See Lawrence*, No. 2001 FEL 006544 at Order Entered on the Docket (Mar. 27, 2006).  Lawrence appealed the denial of the first § 23-110 motion on April 21, 2006.  *See id.* at Notice of Appeal; *Lawrence v. United States*, No. 06-CO-0561 (D.C. 2006).

On March 15, 2007, the District of Columbia Court of Appeals affirmed Lawrence's judgment and conviction on direct appeal but remanded the matter to the Superior Court for the specific purpose of merging the mayhem-while-armed and aggravated-assault-while-armed convictions.  *See Lawrence v. United States*, 919 A.2d 1173 (D.C. 2007) (unpublished table opinion).

---

[1] The Court refers to the ECF-generated page numbers in citing to the exhibits attached to the petition.

On July 25, 2007, the Court of Appeals affirmed the Superior Court's denial of Lawrence's first § 23-110 motion. *Lawrence v. United States*, 928 A.2d 730 (D.C. 2007) (unpublished table opinion).

Several years later, on September 28, 2012, Lawrence, proceeding *pro se*, filed a second § 23-110 motion. *See Lawrence*, No. 2001 FEL 006544 at 23-110 Motion Filed; Pet's. Exs. at 20–29. On May 7, 2013, he supplemented that motion with additional arguments. *See Lawrence*, No. 2001 FEL 006544 at Movant's *Pro-Se* Motion to Supplement and/or Amend. Lawrence contended that his trial counsel, Mr. Rudasill, was ineffective in failing to (1) properly advise him regarding his sentence exposure, (2) disclose a conflict of interest, and (3) advise him of a second plea offer. *See* Pet's Exs. at 4. He also argued that his appellate and collateral review counsel, Mr. Hunt, was ineffective on direct appeal and in pursuing the first § 23-110 motion, by not raising Mr. Rudasill's failure to advise him regarding his sentencing exposure. *See id.* at 5–7.

On May 12, 2016, Superior Court Judge Thomas J. Motley issued an opinion denying Lawrence's second § 23-110 motion. *See id.* at 2–18. First, he held that the Superior Court lacked jurisdiction over the claims against appellate counsel, Mr. Hunt, which had to be addressed through a motion to recall the mandate in the direct appeal. *Id.* at 6. He also noted that, in general, any sentencing exposure claims were procedurally barred because even though Mr. Rudasill failed to properly advise him, Lawrence was admittedly "aware of the sentencing exposure issue before sentencing" and, therefore, also "at the time appellate counsel noticed an appeal and filed the first § 23-110 motion." *Id.* at 6–7; *see also* Reply Ex. 1 at 1–2. And even if the Superior Court had jurisdiction over the claims against Hunt, any such claims would be moot because Lawrence suffered no prejudice arising from Mr. Rudasill's failure to advise. *See* Pet's. Exs. at 5–7. Third, Judge Motley found that the conflict of interest claim against Mr. Rudasill—which Lawrence later voluntarily withdrew—was also procedurally barred because there was no showing of actual prejudice arising

from any existing conflict. *See id.* at 7.

Only the final claim then remained:  the alleged failure of Mr. Rudasill to convey a second plea offer. *See* Pet's. Exs. at 8–18.  Judge Motley carefully explored this claim, appointed new counsel, Mr. Ian Williams, Esq., to represent Lawrence, and conducted several evidentiary hearings. *See Lawrence*, No. 2001 FEL 006544 at Order Appointing Post Disposition CJA Counsel; Pet's. Exs. at 2–3.  The court ultimately found that Mr. Rudasill's performance was deficient because he failed to communicate a second plea offer to Lawrence a few weeks before trial. Pet's. Exs. at 11–12.  This second plea would have reduced Lawrence's sentencing exposure from 45 years if he went to trial, down to 30 years had he pleaded guilty. *Id.* at 15.  But the court concluded this deficiency was not prejudicial because (1) Lawrence failed to demonstrate that he would have accepted the plea offer because "from the perspective of a twenty-four-year-old" (Lawrence's age at the time of the plea) 45 years and 30 years "both represent similarly dire sentences," Lawrence had steadfastly maintained his innocence, and he had plausible defenses. *Id.* at 12–17.  And, independently, (2) Lawrence did not show that a trial court would accept the plea because, as evidenced by his trial testimony, Lawrence had a viable self-defense claim and so "the trial judge would have had difficulty accepting [the] plea." *See id.* at 17–18.

On May 17, 2016, Lawrence filed an appeal challenging the denial of the second § 23-110 motion. *See Lawrence*, No. 2001 FEL 006544 at Notice of Appeal Filed By Defense; *Lawrence v. United States*, 16-CO-0489 (D.C. 2016).

During the pendency of that appeal, on December 5, 2016, Lawrence, again proceeding *pro se*, filed a third § 23-110 motion. *See Lawrence*, No. 2001 FEL 006544 at § 23-110 Motion Filed. Lawrence again alleged that his appellate counsel on direct review, Mr. Hunt, was ineffective by failing to raise his sentence exposure issue on direct appeal or in the first § 23-110 motion, or to file a motion to supplement the sentencing record with transcripts that were apparently missing during

4

the direct appeal.  *See* Pet's. Exs. at 64–65.

In the meantime, on November 22, 2017, the D.C. Court of Appeals affirmed the Superior Court's denial of Lawrence's second § 23-110 motion, *see Lawrence*, 16-CO-0489 at Affirmed by MOJ; AR Ex. 6, ECF No. 11-6, at 2–11, and the mandate was formally issued on December 14, 2017, *see Lawrence*, 16-CO-0489 at Affirmed by MOJ, Mandate.  On December 18, 2017, Lawrence first attempted to challenge this determination by filing a motion for extension of time to file a motion for rehearing en banc.  *See* AR Ex. 1, ECF No. 11-1, at 1–2; *id.* at Ex. 2, ECF No. 11-2, at 3–5.  After corresponding with the Clerk for the Court of Appeals on January 12, 2018, Lawrence learned that he was first required to file a motion to recall the mandate, as the Court of Appeals could take no action until its mandate was recalled.  *See* AR Ex. 2 at 4–5.

Meanwhile, on January 17, 2018, the Superior Court denied Lawrence's claims in his third § 23-110 motion for the same reasons it denied those claims in his second § 23-110 motion.  *See Lawrence*, 16-CO-0489 at Order Denying Defendant's Third Motion; Pet's. Exs. at 64–66.  Lawrence filed a timely notice of appeal.  *See Lawrence*, No. 2001 FEL 006544 at Notice of Appeal Filed By Defense; *Lawrence v. United States*, No. 18-CO-0091 (D.C. 2018).

On January 23, 2018, Lawrence filed a motion to recall the Court of Appeals' mandate affirming the trial court's denial of his second § 23-110 motion; he included a request for a 30-day extension to file an application for rehearing en banc.  *See Lawrence*, 16-CO-0489 at Motion to Recall the Mandate (Appellant); AR Ex. 2 at 5–6.   In the motion, Lawrence specifically sought to "recall the mandate . . . and to reissue the Court's Memorandum Opinion and Judgment (dated November 22, 2017) . . . affirming the Honorable Thomas J. Motley's Order of the Superior Court denying Appellant's [second] D.C. Code [§] 23-110 [motion] requesting the Court to vacate his sentence." AR Ex. 2 at 2–3.

On February 2, 2018, the Court of Appeals granted the motion to recall the mandate, recalled

the "mandate issued on December 14, 2017" (the mandate regarding the appeal of the denial of Lawrence's second § 23-110 motion), and ordered Lawrence to file a petition for rehearing en banc. AR Ex. 3, ECF No. 11-3, at 1; *see Lawrence*, 16-CO-0489 at Order Granting Motion To Recall Mandate.  Lawrence then filed a timely petition for rehearing en banc on March 20, 2018, *see Lawrence*, 16-CO-0489 at Petition For Rehearing/Rehearing En Banc (Appellant); AR Ex. 4, ECF No. 11-4, at 1–15, which was denied by the Court of Appeals on April 5, 2018, *see Lawrence*, 16-CO-0489 at Order Denying appellant's Petition For Rehearing/Rehearing En Banc; AR Ex. 5, ECF No. 11-5, at 1.  The Court of Appeals formally reissued its (December 14, 2017) mandate on April 20, 2018.  *See Lawrence*, 16-CO-0489 at Mandate.

On September 6, 2018, the Court of Appeals also affirmed the denial of Lawrence's third § 23-110 motion.  *See Lawrence*, No. 18-CO-0091 at Judgment Granting appellee's motion for summary affirmance; *see also* Reply Ex. 1.  On December 26, 2018, Lawrence filed a petition for rehearing en banc, *See Lawrence*, No. 18-CO-0091 at Petition For Rehearing/Rehearing En Banc (Appellant), which was denied by the Court of Appeals on March 13, 2019, *see id.* at Order Denying appellant's Petition For Rehearing/Rehearing En Banc.

On September 23, 2019, Lawrence filed the instant matter.  He again raises the sentence-exposure issue, alleging that Mr. Rudasill advised him that, should Lawrence go to trial and be found guilty, he would face only a 15-year sentence, when instead, he faced a potential 45-year sentence. *See* Pet. at 2; Pet's. Mem. at 9–10, 13, 15–16; Reply at 2.  He also again alleges that Mr. Rudasill failed to advise him of the second plea offer before its expiration.  Pet. at 2–3; Pet's. Mem. at 13–15; Reply at 2–3.  In support, Lawrence contends that Mr. Rudasill admitted to these mistakes in open court on the day of sentencing, Pet. at 2; Pet's. Mem. at 9; *see* Pet's. Exs. at 6, and that, as a result of the ineffective assistance, he suffered the imposition of an unconstitutional sentence, Pet. at 3.

Second, Lawrence alleges that the Superior Court erred in summarily denying his second and

third § 23-110 motions.  *Id.* at 2–3; Pet's. Mem. at 16–18; Reply at 2–6.  In turn, he alleges that the Court of Appeals erred in affirming the Superior Court's denial of these collateral post-conviction motions, and in failing to address certain issues directly or substantively. *See* Pet. at 4; Pet's. Mem. at 16–18.

Last, Lawrence again alleges that Mr. Hunt erred in failing to raise the sentencing-exposure issue.  *See* Pet. at 3; Pet's. Mem. at 16–17.  He contends that Mr. Hunt "failed to file a motion regarding the Court Reporter Act" and that, was a result, he was denied the effective assistance of appellate counsel.  Pet. at 3.  This claim is not fully fleshed out, but it appears that Lawrence again contends that Mr. Hunt should have filed certain temporarily "missing sentencing transcripts[.]" Pet's. Mem. at 16.  The Petition seems to focus primarily on Hunt's alleged ineffective assistance, not as appellate counsel, but *as collateral review counsel*, in failing to raise these issues in his first § 23-110 motion.  *See id.*  Lawrence states that "it would have been unwise for counsel Hunt to raise this issue [on direct appeal] in the court of appeals" because, at the time, "there [was] no record." *Id.* "Nevertheless, by counsel Hunt failing to file the [missing transcript] motion in the trial court [as part of his first § 23-110 proceedings] he rendered ineffective assistance that is so serious that he was not functioning as the counsel guaranteed by the Sixth Amendment." *Id.* at 17.  Similarly, Lawrence again later reiterates that Mr. Hunt allegedly failed to "file a motion in the *trial court* for the violation of the Court Reporter Act." *Id.* at 18 (emphasis added).

## Legal Standards

An individual convicted in and sentenced by the D.C. Superior Court is considered a state prisoner for purposes of federal collateral review.  *See Smith v. United States*, No. 00–5181, 2000 WL 1279276 at *1 (D.C. Cir. Aug. 23, 2000) (per curiam) (A "conviction in the Superior Court of the District of Columbia is considered a state court conviction under federal habeas law," and a challenge to a Superior Court conviction is "properly brought under 28 U.S.C. § 2254.") (citing 28

U.S.C. § 2253(c)(1)(A), *Garris v. Lindsay*, 794 F.2d 722, 724 & n.8 (D.C. Cir. 1986) (per curiam),

and *United States v. Mitchell,* 216 F.3d 1126, 1129–30 (D.C. Cir. 2000)).   The controlling statutory

provision is 28 U.S.C. § 2254, which provides that:

> a district court shall entertain an application for a writ of habeas corpus in behalf of a
> person in custody pursuant to the judgment of a State court only on the ground that
> he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).   This general principle is subject to various limitations as will be discussed

below.

## Analysis

### I.   The Court Lacks Subject Matter Jurisdiction Over the Ineffective Assistance of Trial Counsel Claims.

Unlike prisoners convicted in state courts or those convicted in a United States district court,

a District of Columbia prisoner generally has no recourse in a federal judicial forum.  *Garris*, 794

F.2d at 726; *see Byrd v. Henderson*, 119 F.3d 34, 37 (D.C. Cir. 1997) ("In order to collaterally

attack his sentence in an Article III court a District of Columbia prisoner faces a hurdle that a federal

prisoner does not."). This is so because a federal statute divests federal courts of jurisdiction for

habeas petitions that can be heard by D.C. courts.  Specifically, D.C. Code § 23-110 provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized
> to apply for relief by motion pursuant to this section shall not be entertained by the
> Superior Court or by any Federal or State court if it appears that the applicant has
> failed to make a motion for relief under this section or that the Superior Court has
> denied him relief, unless it also appears that the remedy by motion is inadequate or
> ineffective to test the legality of his detention.

D.C. Code § 23-110(g).[2]   This statute divests "federal courts of jurisdiction to hear habeas petitions

by prisoners who could have raised viable claims pursuant to section 23–110(a)" or who did raise and

lose such claims.  *Williams v. Martinez*, 586 F.3d 995, 1000 (D.C. Cir. 2009).  As a result, "a District

---

[2] All relevant portions of D.C. Code § 23-110 were passed by both Houses of Congress and signed
by the President.   District of Columbia Court Reform and Criminal Procedure Act of 1970, Pub. L.
No. 91-358, § 210, 84 Stat. 608.

of Columbia prisoner has no recourse to a federal judicial forum unless the local remedy is 'inadequate or ineffective' to test the legality of his detention." *Id*. (citing D.C. Code § 23–110(g)) (internal quotation marks omitted). In other words, only when a claim "falls outside [§ 23–110's] scope" do questions arise about the effectiveness of the local remedy. *Id.* at 1000. Only after "a D.C. prisoner clears this unique bar," can a federal court apply the "ordinary habeas standard[,]" and then proceed to the second step of assessing whether the trial court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (quoting 28 U.S.C. § 2254(d)(1) & (2)).

Here, Lawrence's claims regarding his trial counsel's alleged ineffectiveness fall within the scope of the District of Columbia's collateral review provision. *See* D.C. Code § 23–110(a) (authorizing D.C. prisoners to move to vacate, set aside, or correct a sentence "imposed in violation of the [U.S.] Constitution or the laws of the District of Columbia"); *see also Blair-Bey v. Quick*, 151 F.3d 1036, 1042–43 (D.C. Cir. 1998). District of Columbia Code § 23-110 "vest[s] the Superior Court with exclusive jurisdiction over most collateral challenges by prisoners sentenced in that Court." *Williams*, 586 F.3d at 1000; *see Head v. Wilson*, 792 F.3d 102, 104 (D.C. Cir. 2015) (Section 23-110 "gives the superior court exclusive jurisdiction of virtually all collateral challenges."). A claim predicated on trial counsel's ineffectiveness falls squarely within the scope of section 23-110(a). *Id.* at 3; *see Coleman v. Ives*, 841 F. Supp. 2d 333, 335 (D.D.C. 2012); *Reyes v. Rios*, 432 F. Supp. 2d 1, 3 (D.D.C. 2006).

The U.S. Court of Appeals for the District of Columbia Circuit has recognized a few distinct and narrow circumstances where a post-petition claim indeed falls outside of the scope of § 23-110(a), and thus may be considered inadequate or ineffective. *See Williams*, 586 F.3d at 1000. Specifically, the D.C. Circuit has held that § 23–110(a) does not (1) authorize a motion challenging a denial of

parole, *Blair-Bey*, 151 F.3d at 1043, (2) a transfer between penitentiaries, *Neal v. Director*, 684 F.2d 17, 19 (D.C. Cir. 1982) (per curiam), or (3) the effectiveness of appellate counsel, *William*s, 586 F.3d at 1000.  To the extent that § 23–110(a) does not authorize those types of actions, a petitioner may attempt to raise them through a § 2254 petition.  *Whoie v. Warden, Butner Fed. Medical Ctr.*, 891 F. Supp. 2d 2, 3 (D.D.C. 2012).

Here, Lawrence's ineffective assistance of trial counsel claims do not fall within any of the above-noted exceptions and do not present any extraordinary issues that would otherwise merit consideration.  Thus, even if the Court were inclined to conclude that Lawrence had constitutionally deficient counsel—and he appears to have a stronger claim than many habeas petitioners, *see* Pet's. Reply at 2–3; Pet's. Exs. at 8–18—the Court is without power to remedy such a violation.  D.C. Code § 23–110(g).  While the statute requires this harsh result, it is notable that, here, Lawrence's "multiple use[s] of the local remedy" (three § 23-110 Motions) have resulted in evidentiary hearings and dispositive rulings on the merits.  *Mackall v. Wilson*, 32 F. Supp. 3d 76, 79 (D.D.C. 2014). Additionally, as noted by the D.C. Court of Appeals, Lawrence's ineffective assistance of trial counsel claims have all been addressed, sometimes more than once.  *See* Reply Ex. 1 at 12.  Accordingly, the Court denies the petition for want of subject matter jurisdiction.[3]

---

[3] To the extent Lawrence also challenges the merits of the D.C. courts' determinations of his § 23-110 motions, *see, e.g.*, Pet's. Mem. at 12,  those "are, too, beyond this Court's jurisdiction because 'the United States District Court is without authority to review final determinations of the District of Columbia Court of Appeals in judicial proceedings.'"  *Waters v. Lockett*, 956 F. Supp. 2d 109, 113 (D.D.C. 2013).  "Such is the exclusive province of the Supreme Court."  *Id.* (citing *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *accord* 28 U.S.C. § 1257).  And mere denial of relief does not render his local collateral remedy inadequate or ineffective.  *Richardson v. United States*, 999 F. Supp. 2d 44, 47–48 (D.D.C. 2013) (citing *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir. 1986)); *see also Plummer v. Fenty*, 321 F. App'x. 7, 8 (D.C. Cir. 2009) ("The § 23-110 remedy, however, is not considered inadequate or ineffective simply because the requested relief has been denied.").  Because Lawrence fails to show that the local remedy was inadequate or ineffective, the Court cannot reach the second step of analyzing the state courts' applications of law.  Consequently, the claims that the local courts committed legal error are dismissed for want of subject matter jurisdiction.

II.     **Lawrence's Ineffective Assistance of Appellate Counsel Claims Are Procedurally Barred.**

Lawrence alleges that Mr. Hunt (Lawrence's appellate counsel on direct review and counsel on the first §23-110 motion) failed to adequately or timely raise the sentencing-exposure issue, and to file a motion supplementing the once-missing sentencing record.  Pet. at 3; Pet's. Mem. at 16–18. As discussed above, the Petition primarily focuses on Mr. Hunt's representation as collateral review counsel during the first § 23-110 proceeding.  But read generously, Lawrence's briefing suggests he intends to bring claims as to Mr. Hunt's representation on direct appeal.  *See, e.g.*, Reply at 1–2, 5. Such claims, if raised, are procedurally barred.

A petitioner must exhaust collateral remedies and sequentially file for federal habeas relief in a timely manner.  The limitation period for the filing of a petition under § 2254 is set forth in § 2244. *See Wright v. Wilson*, 930 F. Supp. 2d 7, 9 (D.D.C. 2013).  A § 2254 petition must be filed within one year of the latest of four possible dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  A criminal conviction generally becomes final when the Supreme Court "affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."  *Clay v. United States*, 537 U.S. 522, 527 (2003); *see* S. Ct. R. 13(1) (setting 90–day deadline for filing a petition for writ of certiorari).  The limitation

period is also tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Review is pending "until the application has achieved final resolution through the State's post-conviction procedures" including any appeals in the state courts. *Carey v. Saffold*, 536 U.S. 214, 220 (2002).

As noted above, Lawrence filed a timely direct appeal on August 29, 2003. *See Lawrence*, No. 03-CF-1029 at Notice of Appeal. While the appeal was pending, on October 13, 2004, Lawrence filed his first § 23-110 motion. *See Lawrence*, No. 2001 FEL 006544 at Post-Trial Motion Entries; Pet's. Exs. at 41–50. His conviction was affirmed by the D.C. Court of Appeals on March 15, 2007. *See Lawrence*, 919 A.2d 1173. Lawrence then had 90 days to file a timely petition for writ of certiorari, or until June 13, 2007, *see* S. Ct. R. 13(1), which he did not do.[4] However, with the *first* § 23-110 motion still pending, the statute of limitations continued to be tolled. *See* 28 U.S.C. § 2244(d)(2).

On July 25, 2007, the D.C. Court of Appeals affirmed the Superior Court's denial of Lawrence's first § 23-110 motion. *Lawrence*, 928 A.2d 730. According to the government, the one-year statute of limitations then began to run when the mandate was issued, on August 16, 2007, and expired on August 16, 2008. *See* 28 U.S.C. § 2244(d)(1)(A); *see also* Opp'n at 9 (citing *Blount v. United States*, 860 F.3d 732, 737 (D.C. Cir. 2017) (holding that the tolling period ends "when the D.C. Court of Appeals issued its mandate in the section 23-110 proceedings.")); *Lawrence v. Florida*, 549 U.S. 327, 333 (2007) (holding that § 2244(d)(2) tolling does not include the time for seeking certiorari at the Supreme Court).

---

[4] Respondent states that Petitioner never filed a petition for a writ of certiorari. Opp'n at 2. Petitioner states that he did, in fact, file a petition for writ of certiorari, which "was denied on July 17, 2018 because he was out of time." Pet's. Mem. at 7. The Court can find no public record of this filing, but taking Petitioner at his word, the issue is of no consequence to the timeline here. Per his own statements, the petition for writ of certiorari was indisputably filed years-late and potentially denied by the Supreme Court for that same reason. *See id.*; *see also* 28 U.S.C. § 2101(d).

The government's statute of limitations calculations appear to be accurate.  The Court notes that some courts in this District have construed *Williams*, which first established that an ineffective assistance of appellate counsel claims are not precluded by § 23–110, as the removal of an "impediment" to filing such a claim.  28 U.S.C. § 2244(d)(1)(B); *see Williams*, 586 F.3d at 998 (decided Nov. 13, 2009; rehearing denied Dec. 23, 2009).  If the Court were inclined to so-characterize *Williams* (which it is not), the relevant limitations period would begin on the date *Williams* was decided, or even when rehearing en banc was denied in December 2009.  *Briscoe v. Jarvis*, 77 F. Supp. 3d 183, 187 (D.D.C. 2015) (citing *Coleman*, 841 F. Supp. 2d at 336 and *Anderson v. United States*, No. 11–1672, 2011 WL 4351802 at *1 (D.D.C. 2011)).  Even under this more generous standard, Lawrence had until December 24, 2010, to seek relief in this Court.  *Briscoe*, 77 F. Supp. 3d at 187.  But Lawrence filed his claims well beyond even this expanded deadline.

Lawrence also argues that the one-year statute of limitations was restarted when the Supreme Court recognized a new right in 2012, and because the adjudication of his § 23-110 petitions after that point sufficiently tolled the applicable statute of limitations.  *See* 28 U.S.C. § 2244(d)(1)(C) (the one-year statute of limitations shall run from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[]."); *see also* Reply at 5–7.

The Court disagrees because *Lafler v. Cooper*, 566 U.S. 156 (2012), and *Missouri v. Frye*, 566 U.S. 134 (2012), did not, as Lawrence asserts, recognize a new right.  *See United States v. King*, 4 F. Supp. 3d 114, 120 (D.D.C. 2013) (finding that petitioner's § 2255 motion was untimely and that the decision in *Lafler* did not restart his statute of limitations because it did not create newly recognized right under 28 U.S.C. § 2255(f)(3), identical in language to § 2244(d)(1)(C)).[5]  Even if

---

[5] In both *Lafler* and *Frye*, the Supreme Court considered (1) the "prejudice test" set forth by *Strickland v. Washington,* 466 U.S. 668, (1984), and (2) its application in *Hill v. Lockhart*, 474 U.S. 52, 58

the cases did establish a new right, the right was neither made retroactive by the Supreme Court, nor would it be made retroactive under the standards set forth by the Supreme Court. *Teague v. Lane*, 489 U.S. 288, 310 (1989); *see also Edwards v. Vannoy*, 141 S. Ct. 1547, 1551 (2021).

And even if *Lafler* and *Frye* were new rules and retroactive as contemplated in § 2244(d)(1)(C), the Petition would still be untimely. The two cases were decided on March 21, 2012, and the one-year period began to run from that point until Lawrence filed his second § 23-110 motion on September 28, 2012. While § 2244(d)(2) provides for tolling while Lawrence's second and third § 23-110 motions were adjudicated, it does not restart the one-year limitations period upon the final adjudication. *See* 28 U.S.C. § 2244(d). As such, the clock (now with less than six months left) resumed ticking when the third § 23-110 motion was decided on September 6, 2018. Thus, even if

---

(1985), which held that the *Strickland* "prejudice test" can apply to challenges to guilty pleas based on ineffective assistance of counsel. *See Lafler*, 566 U.S. at 162–74; *Frye*, 566 U.S at 138–51. In both cases, the Supreme Court applied the framework established by *Strickland* and *Hill*, as well as those established by *Padilla v. Kentucky*, 559 U.S. 356 (2010), to an instance where trial counsel's deficient performance caused the defendant to reject a plea offer. *See King*, F. Supp. 3d at 120 (citing *Lafler*, 566 U.S. at 163–4); *Frye*, 566 U.S at 138–51. "Because the holding in *Lafler*[,]" and the holding in *Frye*, "were dictated by Supreme Court precedent," no new right was created, and there was no need for any retroactive application. *King*, 4 F. Supp. 3d at 120 & n.4 (citing *In re Perez*, 682 F.3d 930, 932–34 (11th Cir. 2012) (holding that neither *Lafler* nor *Frye* announced a new rule of constitutional law under 28 U.S.C. § 2255(h) —which is substantially similar to § 2244(d)(1)(C)— and that those cases were "merely an application of the Sixth Amendment right to counsel, as defined in *Strickland*, to a specific factual context[.]")); *see also In re Graham*, 714 F.3d 1181, 1182–83 (10th Cir. 2013) (per curiam) (holding that neither *Lafler* nor *Frye* announced a new rule of constitutional law permitting petitioner to file a second or successive § 2255 motion); *Hare v. United States*, 688 F.3d 878, 879 (7th Cir. 2012) (holding that the Supreme Court did not announce a new rule of constitutional law in either *Lafler* or *Frye* where the Supreme Court's "language repeatedly and clearly spoke of applying an established rule to the present facts[.]"); *Gallagher v. United States*, 711 F.3d 315, 315–16 (2nd Cir. 2013) (per curiam) (holding same and finding that, even if they did announce a new rule of law, there is no indication by the Supreme Court in either decision, or any finding by any other federal court, that created retroactive application to cases on collateral review); *Williams v. United States*, 705 F.3d 293, 294 (8th Cir. 2013) (per curiam) (holding same and finding that the Supreme Court's analysis in those cases "was consistent with the approach many lower courts had taken for years, as well as with its own precedent."); *Buenrostro v. United States*, 697 F.3d 1137, 1140 (9th Cir. 2012) (holding same); *In re King*, 697 F.3d 1189, 1189 (5th Cir. 2012) (per curiam) (holding same). Therefore, Lawrence's reliance on *Lafler* and *Frye* does not satisfy 28 U.S.C. § 2244(d)(1)(C) because those cases did not not create a new right.

14

*Lafler* and *Frye* supported Lawrence's position, the clock ran out by March 2019—and the Petition, filed on August 27, 2019, was late.

The statute of limitations can be subject to "equitable tolling" but only if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (internal quotation marks omitted)). Lawrence provides no arguments in support of equitable tolling; to the contrary, he states that "tolling does not apply to this case." Reply at 6. Moreover, while Lawrence has been pursuing his rights intermittently throughout the past two decades, he cannot be described as diligent.[6] A five-year lapse occurred between the Court of Appeals' July 2007 affirmation of the Superior Court's denial of his first § 23-110 motion, *see Lawrence*, 928 A.2d 730, and Lawrence's next pursuit of post-conviction relief, namely, his second § 23-110 motion, filed on September 28, 2012, *see Lawrence*, No. 2001 FEL 006544 at 23-110 Motion Filed; Pet's. Exs. at 20–29.

The Court also finds no extraordinary circumstances existed to prohibit Lawrence from filing a motion to recall the mandate in his direct appeal, and to then seek relief under an ineffective assistance of appellate counsel in this Court, within the past eight years. As noted by the Superior Court, Lawrence was admittedly "aware of the sentencing exposure issue before sentencing" and, therefore, also "at the time appellate counsel noticed an appeal and filed the first § 23-110 motion." *Id.* at 6–7; *see also* Reply Ex. 1. It follows that Lawrence was thus aware of his appellate counsel's alleged failure to raise these arguments on appeal by the time the appeal was noted, and thereafter such that he could have filed for collateral review at any time.[7]

---

[6] If *Lafler* and *Frye* had announced new rules that were retroactive, then Lawrence could be characterized as reasonably diligent.

[7] There is no fundamental unfairness in the procedures at issue in this case. The local courts have already directly addressed Lawrence's claims. As the D.C. Court of Appeals noted in its opinion on

For all of these reasons, the Court finds that any ineffective assistance of appellate counsel claims that Lawrence brings are procedurally barred, untimely, and not subject to any equitable tolling. [8]

## III.   Lawrence's Claim of Ineffective Assistance of Collateral Review Counsel Must Be Dismissed.

Lawrence also alleges Mr. Hunt provided ineffective assistance as collateral review counsel on Lawrence's first § 23-110 motion.  Lawrence asserts Hunt failed to adequately or timely raise a sentencing exposure issue and failed to file a motion supplementing the once-missing sentencing record.  *See* Pet. at 3; Pet's. Mem. at 16–18.  These claims must be dismissed for several reasons.

---

the third § 23-110 motion, because the Superior Court had already found that the advice provided by Mr. Rudasill was ineffective but *unprejudicial* to Lawrence, any allegation that Mr. Hunt later failed to raise these claims about Mr. Rudasill's representation were duplicative and likewise unprejudicial. *See* Reply Ex. 1 at 1–2.  Lawrence's attempts to raise these claims in this Court is, in essence, a *third* repackaging of his same unsuccessful ineffective assistance of trial counsel claims.  *See also Moore v. Tatum*, 106 F. Supp. 3d 193, 195 (D.D.C. 2015) (finding that petitioner had a meaningful opportunity to be heard where "the Superior Court fully addressed the performance of both trial and post-conviction counsel under the standard set out in *Strickland* . . . and found no 'constitutional infirmaries.'").

[8] Furthermore, a petitioner may bring ineffective assistance of appellate counsel claims in federal court only after he has "moved to recall the mandate in the [District of Columbia] Court of Appeals." *Williams v. Martinez*, 586 F.3d 995, 999 (D.C. Cir. 2009); *Watson v. United States*, 536 A.2d 1056, 1060–61 (D.C. 1987) (en banc), *cert. denied*, 486 U.S. 1010 (1988); *see* D.C. Court of Appeals Rule 41(f).  Prior to filing this federal petition, Lawrence filed a motion to recall a mandate issued by the Court of Appeals, but only as to the mandate affirming the Superior Court order denying his *second § 23-110 motion*, not the mandate in his direct appeal.  *See* AR Ex. 2 at 2–3; *Lawrence*, 16-CO-0489 at Motion to Recall The Mandate (Appellant).  Thus, it appears Lawrence has failed to exhaust the remedies that D.C. provides.  Lawrence has not explained any exceptional circumstances that would render D.C.'s processes ineffective as to his claims of ineffective appellate counsel.  Thus, even if Lawrence's petition were not time-barred, the Court could not grant relief under 28 U.S.C. § 2254(b)(1).

The Court notes that if a D.C. Court grants a motion to recall the mandate regarding Lawrence's direct appeal, that recall could in theory reset the filing deadline for the federal habeas petition. *Blount*, 860 F.3d at 738.  But that seems unlikely because D.C. App. R. 41(f) provides that "[a]ny motion to recall the mandate must be filed within 180 days from the issuance of the mandate."  And, in any event, there could be other bars to a second habeas petition.  *See, e.g.*, 28 U.S.C. § 2244(b).

Most fundamentally, although criminal defendants have a right to the effective assistance of counsel during their first appeal as of right, *Evitts v. Lucey*, 469 U.S. 387, 396 (1985), the Supreme Court has made clear that defendants lack a constitutional entitlement to effective assistance of counsel in state collateral proceedings, *Coleman v. Thompson*, 501 U.S. 722, 752 (1991).   And Lawrence has not shown a right to counsel on collateral review under D.C. law (much less one that would be properly considered federal law for purposes of § 2254(a)).   *See also Williams*, 586 F.3d at 999 (describing § 23-110 proceedings as "a collateral procedure to which no right of counsel attaches.").   As such, § 2254 can provide no remedy because there is no "violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2254(a).   Such claims are to be addressed singularly through the "District of Columbia system."   *Smith v. Finley*, No. 19-1763, 2020 WL 1536254 at *2–3 (D.D.C. Mar. 30, 2020); *see also Williams*, 586 F.3d at 1001 (noting that a D.C. prisoner "lack[s] a constitutional entitlement to effective assistance of counsel in state collateral proceedings") (citing *Coleman*, 501 U.S. at 752).

And in any event the claims are untimely for the same reasons as the ineffective assistance of appellate counsel claim.[9]

---

[9] The Court notes that the D.C. Court of Appeals granted Lawrence's motion to recall the mandate in the second § 23-110 proceeding, and the granting of such a mandate re-opens that proceeding for purposes of § 2244(d).   But here, it was only the *second* § 23-110 proceeding which was reopened, not Lawrence's direct case.   Recalling the mandate of a collateral appeal does not reopen the underlying proceeding or re-start the applicable limitations period.   As Lawrence brings no cognizable claims as to his second § 23-110 proceeding, there is no real effect of the recalled mandate in this case.

**CONCLUSION**

For the foregoing reasons, the Court **DENIES** the petition for writ of habeas corpus, ECF No. 1, and dismisses this action.  An order consistent with this memorandum opinion is issued separately and contemporaneously.

DATE:  July 25, 2022

CARL J. NICHOLS
United States District Judge